UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIJAH IBM BEY (EX. REL. ELIJAH
PALMGREN),

                    Plaintiff,

          -against-

NYCeWHEELS; CONNOR SARGENT; 17TH
PRECINCT DETECTIVE SQUAD; P.O.
MARK MOORE, SHIELD NO. 620,

                    Defendants.

18-CV-9358 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Elijah Ibm Bey, appearing *pro se*, brings this action invoking the Court's federal question and diversity of citizenship jurisdiction. By order dated May 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Using the Court's general complaint form, Plaintiff indicates that the basis for jurisdiction is "Federal Question" and "Diversity of Citizenship." (Compl. at 2.) Where asked to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff indicates:

> Amendment 8 – Prohibits excessives [sic] fines or cruel and unusual punishment
> Amendment 6 – Right to a speedy trial
> Rights of Indigenous people – United Nations declaration of the Rights of indigenous people

(*Id.*).

Plaintiff alleges that on July 27, 2017, he was indicted for grand larceny in the third degree, a felony charge. He asserts that the crime was alleged to have occurred on July 20, 2017, at NYCeWheels, a bicycle shop on Manhattan's east side. He alleges that Connor Sargent signed an affidavit that a man came into the store, presented identification with the name Elijah Palmgren, asked to test ride a bicycle valued at $4,700.00, left the store with the bike, and never returned. Connor Sargent also provided security footage. As a result of Connor Sargent's affidavit, Plaintiff was arrested. Following Plaintiff's indictment, a $5,000.00 bond was set. Plaintiff asserts that as a result of the bond, he remained incarcerated for an additional week, but he was subsequently released on August 7, 2017.

Plaintiff asserts that P.O. Moore and the 17th Precinct Detective Squad failed to conduct a thorough investigation, thereby violating Plaintiff's rights. He also asserts that Defendants defamed his character. Plaintiff seeks "1 million from the Individuals equivalent in gold and silver," and "100 million from the entity equivalent in gold and silver." (*Id.* at 6.)

# DISCUSSION

## A.        Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative…").

### 1.        Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

### i.   Claims Under 42 U.S.C. § 1983

Plaintiff asserts that his constitutional rights were violated, and his claims are therefore construed as claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

Plaintiff's claims against the 17th Precinct Detective Squad must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The 17th Precinct Detective Squad is not a "person" within the meaning of § 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claim against the 17th Precinct Detective Squad must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)

### ii.  False Arrest and False Imprisonment

Plaintiff's false arrest and false imprisonment claims are addressed together as they are, for purposes of Plaintiff's allegations, the same. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991).[1] A claim for false arrest under § 1983 looks to state law as a starting point to determine

---

[1] "False arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment." *Evans v. City of New York*, 308 F. Supp. 2d 316, 329 n.8 (S.D.N.Y. 2004) (quoting *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999) (Glasser, J., dissenting)).

the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)

(holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Plaintiff does not provide the status of any criminal proceedings initiated against him and he does not state whether the criminal proceedings were terminated in his favor. It is not enough to declare, "Defendants falsely arrested me." Plaintiff's allegations appear to suggest that Defendant had probable cause to arrest him. The Court therefore grants Plaintiff leave to allege any facts supporting his claim that his arrest was not privileged. Plaintiff should also provide information regarding the status of the criminal proceedings.

### 2.     Diversity Jurisdiction

Plaintiff also invokes diversity jurisdiction. Under the diversity statute, federal courts have jurisdiction over civil actions between citizens of different states, or citizens of a state and certain subjects of a foreign state, where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. An individual's domicile generally determines his citizenship for purposes of § 1332(a)(1), *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998), and diversity jurisdiction is available only when all adverse parties to the litigation are completely diverse in their citizenships, *Herrick Co., Inc. v. SCS Comm., Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).

Membership in the "Moorish nation" does not create diversity jurisdiction where all parties are domiciled in the same state. *See U.S. Bank Nat. Ass'n v. Bey*, No. 10-CV-549 (JBA), 2011 WL 1215738, at *3 (D. Conn. Mar. 28, 2011) (remanding action to state court, rejecting argument that defendant, having embraced his "'Indigenous Aboriginal Moorish American' status, . . . is part of a religious government that is foreign to Connecticut, and as a natural man does not 'reside' anywhere"); *Allah El v. Avesta Homes*, LLC, 520 F. App'x 806, 809 (11th Cir.

2013) (summary order) (rejecting claim that status as a Moor renders a party diverse from others residing in the same state); *Sanders-Bey v. United States*, Nos. 07-2204, 07-3891, 2008 WL 506328, at *2 (7th Cir. Feb. 25, 2008) (rejecting claim of diversity jurisdiction based on citizenship in the Washitaw Nation because that Nation is "not recognized by the United States government").

Because Plaintiff and all Defendants are located in New York, Plaintiff may not rely on diversity jurisdiction as a basis for the Court's subject matter jurisdiction.

**B.      Leave to Replead**

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead his false arrest and false imprisonment claims. Plaintiff must sufficiently detail his claims in accordance with the standards above.

First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

_____

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended

complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption

the document as an "Amended Complaint," and label the document with docket number 18-CV-

9358 (CM). An Amended Complaint form is attached to this order. No summons will issue at this

time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse

such failure, the complaint will be dismissed for failure to state a claim upon which relief may be

granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  May 15, 2019
        New York, New York

_____
        COLLEEN McMAHON
        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                Zip Code

_____        _____

Telephone Number                      Email Address (if available)

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 2: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 3: _____

First Name            Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City            State            Zip Code

Defendant 4: _____

              First Name              Last Name

              _____

              Current Job Title (or other identifying information)

              _____

              Current Work Address (or other address where defendant may be served)

              _____

              County, City            State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.